UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA AND THE STATE OF ILLINOIS, ex rel. KATHY PISHGHADAMIAN<br>　　　Plaintiff, | )<br>)<br>)<br>) |
| v. | )　　09-cv-298<br>)<br>)　　Judge Sharon Johnson Coleman |
| NICOR GAS, INC.<br>　　　Defendant. | )<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

　　Nicor Gas, Inc. ("Nicor") moves to dismiss the relator's complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the following reasons, Nicor's motion to dismiss the relator's claims pursuant to the public disclosure bar is granted.

**Background**

　　This *qui tam* action was filed by the relator, Kathy Pishghadamian ("relator"), on January 16, 2009. The complaint alleges that Nicor violated the federal False Claims Act ("FCA" or "the Act") and the Illinois Whistleblower Reward & Protection Act ("Whistleblower Act") by overcharging customers whose energy bills were paid for by government funds under state and federal Low Income Home Energy Assistance Programs ("LIHEAP"). The relator alleges that Nicor purposefully underestimated LIHEAP customers' gas usage during months when the cost of supplying gas was low and then "corrected" the bills during months where gas prices were higher. At the time of filing, this matter was sealed while the United States and the State of Illinois determined whether to intervene in the matter; after they declined to do so, the Court unsealed the matter, and summons were issued to the defendant, Nicor.

　　Nicor moves to dismiss the relator's complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and failure to plead with the requisite particularity pursuant to Fed. R. Civ. P. 9(b). Nicor argues that the essence of the relator's complaint involves the alleged practice of estimated billing for natural gas utility service and that this practice is within the exclusive jurisdiction of the Illinois Commerce Commission (the "Commission"). Nicor argues further that the information

underlying the relator's allegations were publicly disclosed prior to the filing of the complaint and therefore the relator is not the original source as required by federal and state law. Lastly, Nicor argues that the relator fails to plead her allegations with the requisite particularity. For the following reasons, Nicor's motion to dismiss the relator's claims pursuant to the public disclosure bar is granted.

**Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(1), a court must dismiss any action for which it lacks subject matter jurisdiction. Rule 12(b)(1) motions are premised on either facial or factual attacks on jurisdiction. *Simonian v. Oreck Corp.*, No. 10 C 1224, 2010 U.S. Dist. LEXIS 86832, at *3-4 (N.D. Ill. Aug. 23, 2010). If the defendant makes a factual attack on the plaintiff's assertion of subject matter jurisdiction, it is proper for the court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in response to the motion. *Id*. The plaintiff must then put forth "competent proof" that the court has subject matter jurisdiction. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995).

**Discussion**

Initially, this Court notes that because the relator does not merely allege an overcharge, but an unlawful charge, her claims are not within the exclusive jurisdiction of the Commission. *Thomas v. Peoples Gas Light & Coke Co.*, 959 N.E.2d 1201, 1202 (Ill. App. Ct. 1st Dist. 2011). Accordingly, Nicor's arguments for dismissal of the federal claims under the *Burford* abstention doctrine, the primary jurisdiction doctrine, and the filed-rate doctrine are all denied.

Even though the relator's claims do not fall under the exclusive jurisdiction of the Commission, *qui tam* actions are subject to another jurisdictional bar when a relator's action is "based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing . . . or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). Courts conduct a three-step inquiry to determine whether the public disclosure bar prevents hearing a *qui tam* suit under the FCA. *Glaser*, 570 F.3d at 913. First, the court "examines whether the relator's allegations have been 'publicly disclosed.' If so, [the court] next asks whether the lawsuit is 'based upon' those publicly disclosed allegations. If it is, the court must determine whether the relator is an 'original source' of the information upon which his lawsuit is based." *Id*.

Nicor argues that the relator's claims should be dismissed because the relator's allegations were publicly disclosed in: (1) a 2008 state court case; (2) an investigation of the underestimating/overbilling scheme by the Commission; and (3) throughout the news media. Nicor argues further that the relator is not an original source with direct and independent knowledge of the information underlying her claims. The relator argues that her specific fraud allegations were not publicly disclosed because the state court case, news articles, and investigation by the Illinois Commerce Commission involved only the underestimating/overbilling scheme, but do not lead to the conclusion that Nicor defrauded federal or Illinois state governments.

First, "for purposes of § 3730(e)(4), a 'public disclosure' occurs when 'the critical elements exposing the transaction as fraudulent are placed in the public domain.'" *Glaser*, 570 F.3d at 913 (citing *United States ex rel. Feingold v. AdminaStar Fed., Inc.,* 324 F.3d 492, 495 (7th Cir. 2003)). A public disclosure "bring[s] to the attention of the relevant authority that there has been a false claim against the government." *Feingold*, 324 F.3d at 495. Nicor argues the relator's fraud claims were previously disclosed in the state court case, *Dikcis v. Nicor Gas Company*, No. 08 CH 18895. In *Dikcis* a plaintiff brought a class action alleging that Nicor engaged in the same underestimating and corrected billing scheme alleged here. The only distinction between the two cases is the alleged victims seeking recourse: in *Dikcis* the plaintiff sought relief on his own behalf, as well as a class, for breach of contract and violations of the Illinois Consumer Fraud Act. In the instant action the relator seeks relief on behalf of the government for the submission of false and fraudulent claims for payment. Both cases, however, concern the same fraudulent acts detailed in the *Dikcis* complaint. Accordingly, while the *Dikcis* complaint did not reveal that the customers harmed included LIHEAP customers, the critical elements exposing the transaction as fraudulent were placed in the public domain.

Next, this Court must determine whether the lawsuit is "based upon" those publicly disclosed allegations. A relator's complaint is "based upon" publicly disclosed allegations or transactions when the allegations in the relator's complaint are substantially similar to allegations already in the public domain. *Glaser*, 570 F.3d at 910. Here the relator's claims are substantially similar to the allegations already in the public domain. *Dikcis* alleged that Nicor engaged in "unfair and deceptive practices by charging consumers gas used in earlier months at

3

the higher prices" of later months. The relator here alleges that Nicor engaged in the same practice, but that Nicor collected payments from the government.

Lastly, this Court must determine if the relator is an original source of the information. When an FCA relator's allegations are substantially similar to information about an alleged fraud that is already publicly disclosed, the statute permits the relator to avoid the jurisdictional bar only if she has "direct and independent knowledge of the information on which the allegations are based" and "voluntarily provided the information to the Government before filing" a *qui tam* action. 31 U.S.C. § 3730(e)(4)(B); *see also Glaser*, 570 F.3d at 910. Here, the parties dispute whether the relator was a direct and independent source. Nicor argues that the relator lacks direct knowledge because she only learned of the alleged fraudulent scheme from customer calls. The relator argues that her knowledge was derived from numerous sources including her access to Nicor's proprietary database, interactions with Nicor management, as well as customer calls. The relator alleges in her complaint that beginning in April 2008 she began to receive an abnormally high volume of customer complaints concerning excessive or outrageous bills. Although the exact timing is unclear, subsequently the relator accessed Nicor's database and discovered that increased profits were being generated by the corrected bills. The *Dikcis* case was filed around the same time, in May of 2008. To establish independent knowledge, the relator must be someone who would have learned of the allegation or transactions independently of the public disclosure. *Glaser*, 570 F.3d at 921. Given the timing of the *Dikcis* disclosure, the relator has not met her burden of proving she would have learned of the alleged fraudulent underestimating/corrected billing scheme independently of the public disclosure.

**Conclusion**

The relator's claims are dismissed in their entirety. Having found that the relator's claims are dismissed pursuant to the public disclosure bar, the Court need not address Nicor's Rule 9(b) particularity arguments.

IT IS SO ORDERED.
Date: April 25, 2013

_____
Sharon Johnson Coleman
United States District Judge

4